### C. C. SHARP *v.* M. A. CLARK.

**Injunction—Jurisdiction of Court.**

>    Where a judgment is rendered in the quarterly court, execution thereon can only be enjoined in that court. The circuit court has no jurisdiction to enjoin an execution on a judgment rendered by the quarterly court.

### APPEAL FROM BATH CIRCUIT COURT.

February 28, 1877.

OPINION BY JUDGE ELLIOTT:

It appears from the record in this suit that appellant brought suit against G. W. Clark, a son of appellee, in the Bath County Quarterly Court, on a seventy-five-dollar claim, and obtained judgment. Upon this judgment a fi. fa. was issued and returned, by the sheriff, satisfied by a replevin bond executed by the defendant in the execution, and the appellee as his surety. On the falling due of the replevin bond execution was issued on it and returned no property found. Whereupon appellant filed a copy of his judgment in the clerk's office of the Bath Circuit Court, and caused execution to be issued thereon and delivered to the sheriff, who levied the same on the real estate of appellee.

Appellee then brought this suit, by which she enjoined all further proceedings upon the fi. fa. that issued on the replevin bond, because, as she charges, she neither executed the bond nor authorized its execution by signing her name to it. This suit was brought in the Bath Circuit Court. To this suit a demurrer was filed and overruled, and on final hearing a judgment of perpetual injunction was rendered in appellee's favor.

This judgment is sought to be reversed by this appeal. This court at its last term decided that a suit to enjoin a judgment of the quarterly court should be brought in said court, although the record was copied and filed in the clerk's office of the circuit court of the county where rendered before the injunction suit was brought, because by Sec. 314, Civil Code, "an injunction to stay proceedings on a judgment or final order of the court shall not be granted in an action brought by the party seeking the injunction in any other court than that in which the judgment or order was rendered or made."

As the judgment replevied by G. W. Clark was rendered by the quarterly court and the replevin bond executed in satisfaction of an execution which issued from said court, the circuit court had no jurisdiction to enjoin the execution or other proceedings to collect the money due on the replevin bond. Where the record of a judgment of the quarterly court is filed in the clerk's office of the circuit court and execution issued thereon, it does not make the record so filed a judgment of the circuit court. The circuit court has nothing to do with it. The record is only filed in the circuit court clerk's office to enable the judgment creditor to reach all the estate of the judgment debtor, but the judgment is still a judgment of the inferior court, and proceedings to enjoin it must be brought in such court.

Wherefore the judgment is *reversed* and cause remanded with directions to the lower court to dissolve appellee's injunction and dismiss her suit.

*B. D. Lacy, for appellant.    A. Duvall, for appellee.*